UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
JUAN FRANCISCO LARA RECINOS,
EVA FABIOLA GALEANO, and
NELSON BILANDER DEL CID
ORELLANO, individually and on behalf
of others similarly situated,

              Plaintiffs,

     -against-

BENZION ELI WEINFELD AKA
BENJAMIN, GIOVANNI PEREZ,
DENNIS PEREZ, COUNTRYWIDE
STONE NY INC. (D/B/A
COUNTRYWIDE STONE),
COUNTRYWIDE STONE & MARBLE
INC. (D/B/A COUNTRYWIDE STONE
& MARBLE INC.), and
COUNTRYWIDE STONE, LLC (D/B/A
COUNTRYWIDE STONE, LLC),

              Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 23-cv-7517 (FB)

*Appearances:*
*For the Plaintiffs:*
CATALINA SOJO
CSM Legal
60 East 42nd Street, Suite 4510
New York, New York 10165

*For the Defendants:*
BENJAMIN M. RATTNER
Cermele & Wood LLP
2 Westchester Park Drive, Ste 110
White Plains, NY 1060

**BLOCK, Senior District Judge:**

    Plaintiffs Juan Francisco Lara Recinos, Eva Fabiola Galeano, and Nelson

Bilander Del Cid Orellano (collectively, "Plaintiffs") and Defendants Countrywide

Stone & Marble Inc. (D/B/A Countrywide Stone & Marble Inc.), Benzion Eli

Weinfeld, Giovanni Perez, and Dennis Perez (collectively, "Defendants") jointly

request that the Court approve their Settlement Agreement (the "Agreement") for

Defendants' alleged wage-and-hour violations.  For the following reasons, that

motion is granted.

## I.      BACKGROUND

Plaintiffs allege that they were ostensibly employed as tile setters and

technicians at Defendants' construction companies located at 222 Varick Ave,

Brooklyn, NY 11237, 1920 59th St, Brooklyn, NY 11204, and 1454 45th St,

Brooklyn, NY 11219.  Claiming that they worked for Defendants in excess of 40

hours per week without appropriate overtime compensation for the hours that they

worked, Plaintiffs filed this action against Defendants seeking unpaid overtime

wages, liquidated damages, tools of trade, interest, attorneys' fees, and costs

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA),

the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual

notice and wage statement requirements of the New York Labor Law (N.Y. Lab.

Law. § 195).

Plaintiffs and Defendants have agreed to a proposed settlement agreement of

$30,000.00, of which Plaintiffs' counsel is to receive $10,755.00, representing

2

approximately 33% of the recovery in the litigation plus costs.

## II.   DISCUSSION

### A.  Legal Standard

In *Cheeks*, the Second Circuit held that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (Fed. R. Civ. P. 41(a)(1)(A)).  "Generally, if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved" by the reviewing court.  *Ceesae v. TT's Car Wash Corp.*, 17 CV 291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018) (internal quotation marks and citation omitted) *report and recommendation adopted by* 2018 WL 741396 (Feb. 7, 2018).  In reviewing the reasonableness of the proposed settlement, courts consider the totality of the circumstances, including the relevant *Wolinsky* Factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

3

Factors weighing against settlement approval include:

(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* (internal quotation marks and citations omitted).

Additionally, even if the *Wolinsky* factors indicate that the settlement is reasonable, the Court must also consider the Second Circuit's "admonitions" against agreements that contain "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation."  *Carnero v. Bagel Mentch, Inc.*, No. 21CV0781FBJMW, 2022 WL 3448660, at *2 (E.D.N.Y. Apr. 12, 2022), *report and recommendation adopted sub nom. Carnero v. Bagel Mentsch, Inc.*, No. 1:21-CV-0781-FB-JMW, 2022 WL 3446335 (E.D.N.Y. Aug. 17, 2022) (citing *Cheeks*, 796 F.3d at 206 (citation omitted)).  Finally, courts must "also ensure that any attorney's fees provided for in the agreement are reasonable." *Id.*

### B.  Reasonableness of the Settlement

4

The Court finds that the terms of the settlement are fair, reasonable, and pass muster under *Cheeks*. Plaintiffs allege $160,662.75 in unpaid overtime wage damages and $387,930.77 were they to recover fully on all their claims, accounting for liquidated damages and prejudgment interest.

The $30,000 Settlement reflects a reasonable compromise between the parties. As both sides were represented by counsel, "courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeng v. USA QR Culture Indus. Dev. LLC*, No. 22-CV-7132 (AS), 2023 WL 6294258, at *2 (S.D.N.Y. Sept. 27, 2023). The $30,000 recovery represents around 19% of alleged unpaid wages and about 8% of best-case recovery. While these recovery rates sit towards the lower end of the permissible range, courts have found them reasonable where there are major factual and legal litigation risks. *See, e.g.*, *Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *1–*2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000, or around 7% of the best-case potential recovery of $570,000). Plaintiffs faced such risks, most notably Defendants' production of records purporting to show wages that Plaintiffs did receive, which conflict with Plaintiffs' allegations. Given the barriers to Plaintiffs' success on the total alleged damages, the Court finds the settlement amount fair and reasonable.

5

Moreover, the settlement enables the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses and is the product of arm's-length bargaining between experienced counsel.  As the parties have settled prior to the completion of discovery, the Settlement Agreement will "both avoid the incurrence of additional expenses and any litigation risk" that Plaintiffs face.  *Zeng*, 2023 WL 6294258, at *2.  There is no evidence of a possibility of fraud or collusion.

Finally, the *Wolinsky* factors that weigh against settlement do not compel a rejection of the Agreement, and it avoids the problematic provisions flagged by *Cheeks*.  The Agreement does not prejudice other plaintiffs from bringing claims, and the expenses of litigation will likely deter Defendants from allegedly violating the wage-and-hour laws in the future.  As to the *Cheeks* admonitions, there is no confidentiality provision, and the release of claims extends only through execution of the Agreement.  *See Carnero*, 2022 WL 3448660, at *4 (finding limited release relevant).  Plaintiffs' counsel has also provided documentation supporting attorneys' fees, which the Court finds are fair and reasonable, as discussed next.

### C. Attorneys' Fees

The Court must also "independently ascertain the reasonableness of the fee request" in an FLSA case.  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d

226, 229-30 (S.D.N.Y. 2016) (citation omitted).  The one-third contingency fee request is reasonable, as "[c]ourts in this Circuit routinely approve of one-third contingency fees for FLSA cases."  *Carnero*, 2022 WL 3448660, at *4; *Zeng*, 2023 WL 6294258, at *2 (approving $10,693.08 in attorney's fees and costs to be deducted from the $30,000 settlement payment).

"Us[ing] the lodestar method as a cross check to ensure the reasonableness of attorneys' fees," *Santos v. YMY Mgmt. Corp.*, No. 20 CIV. 1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021), the Court finds the fee request reasonable.  Plaintiffs' counsel's lodestar in this case is $8,498.75, and Plaintiffs' costs are $855.00.  The hourly rates for attorneys of between $350 to $400 are reasonable, *see Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (approving $400 hourly rate), and courts routinely grant fee requests exceeding the lodestar rate by several multiples.  *See, e.g.*, *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving attorney fee request 5.23 times the lodestar).  Accordingly, the attorney-fee request is reasonable.

## III.   CONCLUSION

For the reasons explained above, the Court approves the parties' proposed settlement agreement of $30,000.00.  Plaintiff's counsel is to receive $10,755.00,

7

with $855.00 allocated to costs. Plaintiffs are to receive the balance, $19,245.00.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 16, 2024